STATE OF LOUISIANA        *        NO. 2023-K-0403

VERSUS        *

       COURT OF APPEAL

DYLAN CRADDOCK        *

       FOURTH CIRCUIT

       *

       STATE OF LOUISIANA

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 552-728, SECTION "F"
Honorable Robin D. Pittman, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Rachael
D. Johnson)



Jason Rogers Williams
District Attorney
Brad Scott
Assistant District Attorney
Parish of Orleans
619 South White Street
New Orleans, Louisiana 70119

       COUNSEL FOR STATE OF LOUISIANA/RESPONDENT


Sierra Thompson
Orleans Public Defenders
2601 Tulane Ave., 7th Floor
New Orleans, Louisiana 70119

       COUNSEL FOR DEFENDANT/RELATOR


**WRIT GRANTED
RELIEF DENIED
JULY 21, 2023**

PAB
DLD
RDJ

Relator, Dylan Craddock ("Relator"), seeks supervisory review of the district court's May 24, 2023 judgment denying his motion for bail. For the foregoing reasons, we grant Relator's writ application but deny the relief sought.

**FACTUAL AND PROCEDURAL HISTORY**

On October 28, 2021, a grand jury returned an indictment charging Relator and his co-defendant, Cody Matthews ("Matthews"), with La. R.S. 14:30, first degree murder and La. R.S. 14:26, conspiracy to commit first degree murder.[1] That same day, the State filed a notice of election to forego capital punishment. Following, Relator filed a motion for bond hearing, which was heard over a two-day period—April 5, 2023 and May 1, 2023.[2] At the hearing, the district court heard testimony from two investigating officers: Detectives Maggie Darling and Thomas McNulty. Pertinently, while both detectives confirmed that no DNA evidence was tied to Relator, Det. McNulty testified: (1) Relator had a violent history but not to the extent of Matthews; (2) through jailhouse calls Matthews

---

[1] The grand jury also returned an indictment charging Relator with: La. R.S. 14:130.1, obstruction of justice; and La. R.S. 14:95.1, possession of a firearm by a felon.

[2] The district court judge heard testimony on multiple motions filed by Relator over this two-day period—Relator's motion to suppress evidence, identification and statement; motion to sever and motion for bond hearing.

1

identified Relator as the shooter of a witness who was murdered in a separate case involving Relator and Matthews; and (3) other people close to the defendants made statements that Relator was involved in the murder.

After submission of the evidence, Relator argued that because the State decided to forego the death penalty in his first degree murder charge, the offense was no longer capital and should not be treated as such.[3] Thus, Relator argued that the district court had the discretion to set a reasonable bond.

Although the State formally waived its right to seek the death penalty, the State argued that Relator was still not entitled to bail because he was charged with a capital offense. The State insisted that because of the severity of the crime, Relator's entitlement to bond should, by default, be treated as if his offense was first degree murder with capital punishment applied. The State, citing La. C.Cr.P. art. 313(D),[4] also urged that Relator be denied bail because he murdered the witness to another crime and is a danger to other individuals involved in this case. The State argued that because Relator raised the issue of bond, the burden was on him to prove that he is entitled to it, and he failed to do.

Following arguments, the district court issued its ruling, refusing to set bond on the first degree murder and conspiracy to commit first degree murder counts. Specifically, the district court reasoned, in part:

> . . . . [T]his court has been present during the hearing on motions in this matter as well as arguments for it, argument for severance, arguments for the bond, and I'm going to agree with the state that the defense has not shown the court any good cause as to why this gentleman should, in fact, have a bond set for the crime of first degree murder, conspiracy to commit first degree murder,

---

[3] La. C.Cr.P. art. 933 defines a capital offense as "an offense that may be punished by death."

[4] La. C.Cr.P. art. 313(D) will be discussed *infra*.

2

obstruction of justice, and possession of a firearm or weapon by a convicted felon.

Relator noticed his intent to seek writs and the district court set a return date of June 23, 2023, on which date Relator timely filed his application.

**DISCUSSION**

Pursuant to La. C.Cr.P. art. 312(A), "a person in custody who is charged with the commission of an offense is entitled to bail before conviction." "Upon motion of the prosecuting attorney, the judge or magistrate may order the temporary detention of a person in custody who is charged with the commission of an offense, for a period of not more than five days, exclusive of weekends and legal holidays, pending the conducting of a contradictory bail hearing." La. C.Cr.P. art. 313(B). "Following the contradictory hearing, upon proof by clear and convincing evidence either that there is a substantial risk that the defendant might flee or that the defendant poses an imminent danger to any other person or the community, the judge or magistrate may order the defendant held without bail pending trial." *Id.* However, "[a] person charged with the commission of a capital offense shall not be admitted to bail if the proof is evident and the presumption great that he is guilty of the capital offense." La. C.Cr.P. art. 313(D)(1). "The burden of proof at the contradictory bail hearing: (a) Prior to indictment is on the state to show that the proof is evident and the presumption great that the defendant is guilty of the capital offense. (b) After indictment is on the defendant to show that the proof is not evident or the presumption is not great that he is guilty of the capital offense." La. C.Cr.P. art. 313(D)(2).

In his writ application, Relator argues that he is entitled to bond because the State has chosen not to pursue the death penalty; thus, his charge of first degree

3

murder is no longer considered capital. Relator, citing *State v. Shallerhorn*, 22-01385 (La. 6/27/23), ___ So.3d ___, 2023 WL 4195566, insists that the Supreme Court, in reversing this Court's decision, made clear that by giving formal notice that it will not seek the death penalty, the State elects to prosecute the offense of first degree murder as a non-capital offense. *Id.*, 22-01385, p. 2, ___ So.3d ___, ___, 2023 WL 4195566 at *4. Relator further argues that even if his offense was capital, which he does not concede, the proof is not evident and the presumption is not great that he is guilty of the charged offense pursuant to La. C.Cr.Pr. art. 313(D).

This Court reviews a district court's decision to hold a defendant without bail by an abuse of discretion standard. *State v. Goodie*, 17-693, p. 7 (La. App. 3 Cir. 8/23/17), 226 So.3d 1130, 1134 (citing *State v. Jacobs*, 12-2737 (La. 12/20/12), 108 So.3d 757). Following the Supreme Court's reasoning in *Shallerhorn*, we agree that Relator's offense no longer qualifies as capital and under that theory of law he would be entitled to bail. Notwithstanding, a review of the record shows that the State put forth sufficient evidence to satisfy the requirements of La. C.Cr.P. art. 313(B)—that Relator, charged with murdering a witness in another case, posed an imminent danger to others connected to this case. Thus, we find the district court did not abuse its discretion in denying Relator's motion for bail.

## CONCLUSION

For the reasons discussed herein, we grant Relator's writ application but deny the relief sought.

**WRIT GRANTED**
**RELIEF DENIED**

4